IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 14-00213-KD-N |
| PHOUVA PHOTHISAT, ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This action is before the Court on the "Motion pursuant to § 3582(c)(1)(A) / Compassionate Release in Request for Sentence Reduction "filed by Defendant Phouva Phothisat (doc. 93). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background

Phouva Phothisat and his co-defendant Sisavang Phothisat were named in a multi-count indictment charging twelve offenses related to drug trafficking and firearms (doc. 1). Phouva Phothisat pled guilty and was sentenced for Count One, conspiracy to possess with intent to distribute methamphetamine, "contrary to" 21 U.S.C. § 841(a)(1) and in" violation of" 21 U.S.C. § 846, and Count Ten, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (doc. 1, doc. 69). The remaining Counts against him - Counts Three, Five, Six and Twelve - were dismissed. Senior District Judge Charles R. Butler, Jr. sentenced Phothisat to a total term of 120 months composed of 60 months as to Count One, and 60 months as to Count Ten, to serve consecutively (Id.).

Phothisat now moves the Court to vacate the conviction for possession of a firearm (Count Ten), and re-sentence him only for the conspiracy conviction (Count One), which would result in a 60-month sentence (doc. 93, p. 14). As grounds, Phothisat argues that his conspiracy

conviction "does not meet the elements defined in the term 'drug trafficking offense' pursuant to 21 U.S.C. § 801," the introductory provision of the Controlled Substances Act, and therefore, his conspiracy conviction cannot be a predicate conviction for application of 18 U.S.C. § 924(c) (doc. 93, p. 5). From this position, Phothisat argues that his consecutive 60-month sentence is "excessive", and therefore, he is entitled to a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

Title 18 U.S.C. § 924(c)(2) provides that ". . . the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46" (parentheses in original). Title 21 U.S.C. § 801, captioned "Congressional findings and declarations: controlled substances", sets forth in relevant part, as follows:

> The Congress makes the following findings and declarations:
>
> (1) Many of the drugs included within this subchapter have a useful and legitimate medical purpose and are necessary to maintain the health and general welfare of the American people.
>
> (2) The illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people.
>
> (3) A major portion of the traffic in controlled substances flows through interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce because—
>
>> (A) after manufacture, many controlled substances are transported in interstate commerce,
>>
>> (B) controlled substances distributed locally usually have been transported in interstate commerce immediately before their distribution, and
>>
>> (C) controlled substances possessed commonly flow through interstate commerce immediately prior to such possession.

. . .

21 U.S.C. § 801(1), (2) & (3).

Phothisat argues that this statute "specifically identifies the <u>elements</u> of illegal <u>importation, manufacture, distribution,</u> and <u>possession</u> …" (doc. 93, p. 7) (underlining in original) but does not include conspiracy to possess with intent to distribute. From this absence, he argues that his conspiracy conviction "does not match the **element** of a '**drug trafficking crime**'" as required in 18 U.S.C. § 924(c)(2). (Id., p. 7-8) (emphasis in original).

Phothisat is incorrect. Section 801 does not define the elements of his offense. Instead, Section 801 is an introductory statement to the Controlled Substances Act. His offense is defined in 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, which are also sections of the Controlled Substances Act. Specifically, Section 841(a), captioned "Unlawful acts" sets forth as follows:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or …

21 USC 841(a)(1). And Section 846, captioned "Attempt and conspiracy", sets forth as follows: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

II. <u>Analysis</u>

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." <u>United States v. Puentes</u>, 803 F.3d 597, 605–606 (11th Cir. 2015). Phothisat moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary

and compelling reasons which warrant a reduction, certain procedural requirements are met[1], the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).

The Policy Statement provides that upon motion under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may reduce a term of imprisonment if it determines that the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, there are extraordinary and compelling reasons which warrant a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam).  Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

The Policy Statement lists four examples of extraordinary and compelling reasons under § 3582(c)(1)(A).  Specifically, the "medical condition of the defendant" such as a terminal illness, or serious physical or medical condition, or serious functional or cognitive impairment, or age-related physical or mental health deterioration. U.S.S.G. § 1B1.13, cmt. n.1(A). Also, the

---

[1] Defendants may file a § 3582(c)(1)(A)(i) motion after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).  The motion is unclear as to whether Phothisat complied.  However, in lieu of dismissal for failure to meet this procedural requirement the Court will address his motion. See United States v. Harris, 989 F.3d 908, 910-11 (11th Cir. 2021) (finding that the procedural requirements of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional but instead is a claim-processing rule.).

"age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt. n.1(B).  Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. at cmt. n.1(C).

And last, any "other reason [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the phrase "other than" has been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F.4th at 1343, 1347 (11th Cir. 2021)).

Because the Policy Statement allows other reasons as determined by the Director of the Bureau of Prisons, U.S.S.G. § 1B1.13 at cmt. n.1(D), the Court is constrained by the determinations of the Director.  See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g).* Review of Program Statement 5050.50 indicates that the Director has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical

conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence; and certain family circumstances involving the death or incapacitation of the caregiver for the inmate's minor children, or disabled spouse or registered partner, may, if conditions are met, constitute grounds for a reduction of sentence.

Since Congress specifically states that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, <u>Bryant</u>, 996 F. 3d at 1262, this Court is without authority to disregard the Policy Statement's plain language. Thus, a reduction of sentence based upon the circumstance Phothisat presents – that his conspiracy conviction is not a predicate conviction for application of 18 U.S.C. § 924(c) - would not be consistent with Policy Statement § 1B1.13.

III. <u>Conclusion</u>

Since Phothisat failed to show an extraordinary and compelling reason which would warrant a reduction of sentence, his motion is denied.

**DONE** and **ORDERED** this 15th day of February 2023.

<u>s / Kristi K. DuBose</u><br>
**KRISTI K. DuBOSE**<br>
**UNITED STATES DISTRICT JUDGE**